IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


LORI HUTTON                                                              PLAINTIFF


           v.                          CIVIL NO. 14-5039


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                          DEFENDANT


## MEMORANDUM OPINION

Plaintiff, Lori Hutton, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying her claims for a period of disability and disability insurance benefits (DIB) and

supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the

Social Security Act (Act).  In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

## I.       Procedural Background:

Plaintiff protectively filed her current applications for DIB and SSI on November 3, 2011,

alleging an inability to work since October 2, 2008,[1] due to back problems, severe attention

deficit hyperactivity disorder (ADHD), severe depression, severe anxiety, inactive Hepatitis C,

chronic obstructive pulmonary disease (COPD), gastric stomach ulcers, severe allergies, and

---

[1]Plaintiff, through her counsel, amended her alleged onset date to January 1, 2009.  (Tr. 39).

AO72A
(Rev. 8/82)

severe menopause.  (Tr. 148, 150, 240).  An administrative hearing was held on October 17,

2012, at which Plaintiff appeared with counsel and testified. (Tr. 31-74).

By written decision dated November 21, 2012, the ALJ found that during the relevant

time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr.

12).  Specifically, the ALJ found Plaintiff had the following severe impairments: generalized

anxiety disorder, personality disorder, and disorder of the back status post two surgeries.

However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's

impairments did not meet or equal the level of severity of any impairment listed in the Listing

of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 14).  The ALJ found

Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that
> she can only do work limited to simple, routine and repetitive tasks involving
> only simple, work related decisions with few, if any, workplace changes and no
> more than incidental contact with coworkers, supervisors or the general public.

(Tr. 16).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work

as a gasket inspector, and an inspector checker.  (Tr. 22, 70).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

after reviewing additional evidence submitted by Plaintiff denied that request on December 13,

2013. (Tr. 1-5). Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the

undersigned pursuant to the consent of the parties. (Doc. 6).  Both parties have filed appeal

briefs, and the case is now ready for decision.  (Doc. 11; Doc. 13).

The Court has reviewed the entire transcript.  The complete set of facts and arguments

are presented in the parties' briefs, and are repeated here only to the extent necessary.

II.     **Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

-3-

AO72A
(Rev. 8/82)

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in disregarding the credibility of Plaintiff's subjective complaints; and 2) the ALJ erred in regard to the weight given to the opinions of Plaintiff's treating physician.

**A.      Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record

-4-

as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. In April of 2009, Plaintiff reported to Dr. Terry L. Efird that she was able to drive unfamiliar routes, shop independently, handle finances, perform most activities of daily living satisfactorily, and to attend AA meetings at least five time a week. (Tr. 821).  The evidence revealed that during the relevant time period Plaintiff was able to go water skiing, play with her grandchildren, clean a house, and go out of town for a holiday.  The Court notes that in a Function Report dated January 20, 2012, Plaintiff indicated that she exchanged "caregiving for a room at a disabled man[']s house."  (Tr. 275-282).  In this report, Plaintiff indicated she was able to take care of her personal needs, prepare simple meals, do light housecleaning with breaks, watch television and movies, and run errands.

A review of the record reveals that Plaintiff was diagnosed and treated for a respiratory impairment.  While the medical evidence revealed that it was recommended that she stop smoking, the record revealed that Plaintiff smoked throughout the relevant time period.  See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir.1997) (noting that a failure to follow prescribed treatment may be grounds for denying an application for benefits); Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008)(where claimant's smoking had a direct impact on his impairments, the ALJ appropriately considered claimant's failure to stop smoking in making his credibility determination).

With regard to Plaintiff's alleged mental impairments, a review of the record revealed

-5-

that Plaintiff failed to demonstrate that she sought on-going and consistent treatment from a mental health professional during the relevant time period.  See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).  The record revealed Plaintiff underwent two consultative mental evaluations and neither examiner found Plaintiff had more than moderate limitations in some areas of functioning.  In  February of 2012, Plaintiff also denied experiencing memory loss, confusion, or decreased concentration.  (Tr. 1849).  An examination of Plaintiff at that time revealed Plaintiff had a normal mood and affect, behavior, judgment, and thought content.  (Tr. 1852).

Therefore, although it is clear that Plaintiff suffers with some degree of pain, she has not established that she is unable to engage in any gainful activity.  See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability).  Neither the medical evidence nor the reports concerning her daily activities support Plaintiff's contention of total disability.  Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**B.      ALJ's RFC Determination and Medical Opinions:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain

-6-

are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel,  245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC."  Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'"  Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citations omitted).  An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions.  Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting.  Id. (citing 20 C.F.R. § 404.1527(d)(2))

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform light work with limitations.  The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, including the opinions of Drs. Terry L. Efird, Mark Olsen, Catherine Hubbard Adams, Dan Donahue, Winston Brown, Patricia McCarron, and Lucy Sauer, and set forth the reasons for the weight given to the opinions.  Renstrom v. Astrue, 680 F.3d

-7-

1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

Dr. Olsen, Plaintiff's treating physician, completed an assessment dated April 1, 2012, and wrote a letter dated October 29, 2012, indicating Plaintiff could perform less than sedentary work due to her impairments. (Tr. 848-850, 1938). After reviewing the record, the Court finds substantial evidence to support the ALJ's determination that Dr. Olsen's assessments were inconsistent with his treatment notes, as well as the record as a whole. Perkins v. Astrue, 648 F.3d 892, 899 (8th Cir. 2011) (it is permissible for ALJ to discount opinion that is inconsistent with physician's own treatment notes). Specifically, Dr. Olsen's treatment notes indicated Plaintiff's examinations were essentially normal throughout the relevant time period. While Dr. Olsen indicated in the October 29, 2012 letter, that Plaintiff needed to take Lactulose four to five times a week which rendered her without control of her bowels, his treatment notes, as well as the record as a whole, failed to show that Plaintiff experienced this side effect to the extent now alleged when taking this medication. The record revealed that with the exception of reporting an inability to leave the house due to this medication on June 21, 2011 (Tr. 1625), Plaintiff often denied experiencing bowel issues during the relevant time period. (Tr. 1588, 1593, 1599-1600, 1798, 1800, 1813, 1824, 1831-1832, 1834, 1849, 1851, 1903). It is noteworthy that Plaintiff also failed to mention this necessity for frequent restroom breaks when taking her medication in her Function Report completed on January 20, 2012. (Tr. 275-282). With regard to Plaintiff's back impairment, a review of Dr. Olsen's physical examinations failed to reveal musculoskeletal

-8-

limitations or tenderness on a consistent basis.  Based on the record as a whole, the Court finds

substantial evidence to support the ALJ's RFC determination for the relevant time period.

## C.      Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of

record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth

the impairments which the ALJ accepted as true and which were supported by the record as a

whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the

vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that

Plaintiff's impairments did not preclude her from performing work as a gasket inspector, and an

inspector checker.   Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from

vocational expert based on properly phrased hypothetical question constitutes substantial

evidence).

## IV.   Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial

evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be

dismissed with prejudice.

DATED this 4th day of May, 2015.


/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)